[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-12247

Non-Argument Calendar

_____

D.C. Docket No. 1:07-cv-00797-RWS

BILLY RAY ROBERTSON,

Petitioner-Appellant,

versus

WARDEN,

Respondent-Appellee.

_____

Appeal from the United States District Court

For the Northern District of Georgia

_____

(February 7, 2013)

BEFORE TJOFLAT, PRYOR and EDMONDSON, Circuit Judges.

PER CURIAM:

Billy Ray Robertson, a Georgia inmate convicted of felony murder and other charges in 1993, appeals the denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254.  He argues that the admission, during his state court trial, of statements given by a co-conspirator to a confidential informant years after the completion of the conspiracy violated his rights under the Confrontation Clause.  He argues that his co-conspirator's statements introduced at his trial in 1995 violated his rights under the Confrontation Clause because they were testimonial in the light of recent Supreme Court precedent.

The Sixth Amendment protects a criminal defendant's right to confront the witnesses against him.  U.S. Const. amend VI.  The Supreme Court explained in *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), that the Sixth Amendment prohibits the introduction of out-of-court <u>testimonial</u> statements unless the declarant is unavailable to testify and the defendant had a prior opportunity to cross-examine the declarant.  *Crawford*, 541 U.S. at 68, 124 S.Ct. at 1374.  The *Crawford* opinion cited *Bourjaily* as an example of a case where non-testimonial statements were properly admitted.  *Id*. at 58, 124 S.Ct. at 1368.  In *Bourjaily*, the Supreme Court determined that a co-conspirator's

2

unwitting statements to an undercover agent were admissible at trial even though the defendant did not have an opportunity to cross-examine the co-conspirator. *Bourjaily v. United States*, 483 U.S. 171, 181-84, 107 S.Ct. 2275, 2782-83, 97 L.Ed.2d 144 (1987).

In *United States v. Underwood*, 446 F.3d 1340 (11th Cir. 2006), we wrote that a statement is testimonial if it was made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial. *Id*. at 1347. Finding that a declarant made statements to a confidential informant without the reasonable belief "that his statement would be available for use at a later trial," we concluded that the statements by the co-conspirator to the confidential informant were not testimonial. *Id*. at 1347-1348.

Applying *Crawford* and conducting a *de novo* review, [*] we reach the same conclusion as the district court. The pertinent statements in this case -- whether or not they met Georgia's hearsay exception -- were not testimonial. Accordingly, they were admissible under the Confrontation Clause.

AFFIRMED.

---

[*] The standard of review (that is, whether deference should be given to the pertinent state decision) to be applied in this case might be debatable. So, we use a *de novo* standard to give Petitioner -- for discussion sake -- his best position. A court can reject a petition using *de novo* review because any such claim must also fail under deferential review. *Berghuis v. Thompkins*, 130 S.Ct. 2250, 2265, 176 L.Ed.2d 1098 (2010); *Allen v. Sec'y, Fla. Dep't of Corr*., 611 F.3d 740, 753 (11th Cir. 2010).